Affirmed and Memorandum Opinion filed March 18, 2004









Affirmed and Memorandum Opinion filed March 18, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00186-CR

____________

 

DANIEL ROBERTO
RUIZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 9

Harris County, Texas

Trial Court Cause No. 1137824

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant Daniel Roberto Ruiz
guilty of theft of property with a value of over fifty dollars and under five
hundred dollars, a Class B misdemeanor,[1]
and the court  sentenced him to two days= confinement in
the Harris County Jail, with credit for time served, and a $500.00 fine.  In a single point of error, appellant
challenges the sufficiency of the evidence to support his conviction.  We affirm.








FACTUAL BACKGROUND

Stanley Crawford, a loss-prevention
officer at Home Depot, observed appellant select five items from the electrical
aisleCtwo wall plates,
one four-way digital converter, and two timer switchesCand put them into
the basket of a shopping cart.  The total
cost of these items was approximately $70.00. 
Appellant then went to the store=s garden center,
which was immediately adjacent to the electrical area.

Once inside the garden center, appellant
placed three bags of garden soil, each weighing eighteen to twenty pounds, on
top of the electrical items in the cart. 
The soil cost $3.30 per bag. 
After stacking the bags one on top of the other, appellant walked to the
garden center cash register, located just inside the gate.  While appellant was at the register, his wife
was looking at plants outside, and appellant was talking with his wife about
whether she was going to buy something.

According to Home Depot=s policies, female
cashiers are not required to lift heavy items from the baskets.  Instead, they normally ask whether that is
all the customer has, and if the customer replies, Ayes,@ they proceed to
ring up what they can see. Bathsheba Friday, the cashier who rang up appellant=s garden soil,
looked at the soil, walked around to see whether there was anything in the
bottom of the basket, but did not notice anything else because of the way the
bags were placed.  Friday testified she
complied with store policy by asking Athe customer if
that was all he had [and] he said, yes and that was it.@  Friday completed the transaction and told
appellant the total amount.  Appellant
paid by credit card, signed the receipt, and put it in his wallet.  After Friday rang up the merchandise,
appellant=s wife walked the basket out of the gate,
and appellant followed.

After Crawford confirmed appellant had not
paid for the electrical items, he approached appellant and said, AWell, sir, I think
there [are] some items that you forgot to pay for.@  Appellant responded he had made a mistake and
had forgotten to pay for the items.








Crawford asked appellant to return to the
store.  Appellant identified himself as a
Houston Police Department employee and initially refused to return to the
store.  Crawford eventually convinced him
to return, and they went to the security office where appellant spoke with the
manager and someone from the Harris County Sheriff=s Office.

At trial, appellant testified he did not
intend to steal the items.  He stated he
did not mean to conceal the electrical equipment, but just got the soil and put
it in the basket.  He did not remember
the cashier asking him whether the soil was everything he had.  He was talking with his wife, asking her
whether she was going to get anything. 
Appellant did admit he never told the cashier he had electrical items in
the basket in addition to the soil.

DISCUSSION

In a single point of error, appellant
contends the evidence is insufficient to support his conviction.  He does not specify whether he is challenging
the legal or factual sufficiency of the evidence, but cites case law suggesting
he is attacking both.  In his conclusion,
he does not limit himself to requesting a new trial, but also requests Asuch other relief
as the Court may deem appropriate.@  Accordingly, we address both legal and
factual sufficiency.  We apply different standards to each.

When reviewing the legal sufficiency of
the evidence, this court must view the evidence in the light most favorable to
the prosecution and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Garrett v. State, 851 S.W.2d 853, 857
(Tex. Crim. App. 1993). This standard of review applies to cases involving both
direct and circumstantial evidence. King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).








When a defendant challenges the factual
sufficiency of the elements of an offense, the correct standard we must follow
requires us to determine whether (1) the proof of guilt is so obviously weak as
to undermine confidence in the jury=s verdict, or (2)
the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.  Zuliani v. State,
97 S.W.3d 589, 593B94 (Tex. Crim. App. 2003); Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We must accord due deference to the fact
finder=s determinations,
particularly those determinations concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at
9.  The verdict should be set aside only
in order to prevent a clearly wrong and unjust result.  See Jones v. State, 944 S.W.2d 642,
648 (Tex. Crim. App. 1997).

The essential elements of Ruiz=s conviction for
theft are:  (1) he unlawfully
appropriated property;  (2) with intent
to deprive the owner of the property; 
and (3) the value of the property was between fifty and five-hundred
dollars.  See Tex. Pen. Code Ann. ' 31.03(a), (e)(2)(A)(i)
(Vernon Supp. 2004); see also Heimlich v. State, 988 S.W.2d 382, 384
(Tex. App.CHouston [14th Dist.] 1999, pet. ref=d) (stating first
two elements and third element for higher grade offense).  Ruiz challenges only the second element; he
contends the State failed to prove he had the requisite intent.

A>Mental culpability
is of such a nature that it generally must be inferred from the circumstances
under which a prohibited act or omission occurs.=  A defendant=s mental state >was concealed
within his own mind and can only be determined from his words, acts, and
conduct.=@  Moore v. State, 969 S.W.2d 4, 10 (Tex.
Crim. App. 1998) (citations omitted).  It
is for the trier of fact to determine which circumstances to accept as proven
and whether to draw the inference a defendant possessed the requisite mental
state.  See Dillon v. State, 574
S.W.2d 92, 95 (Tex. Crim. App. [Panel Op.] 1978) (stating same in context of
considering awareness-of-risk element in involuntary manslaughter case).  This court will not overturn such an
inference, drawn on the whole of the circumstances, because one witness
testified to the possibility that the inference could be false although soundly
supported by the circumstances.  See
id.

The following evidence supports the
inference appellant intended to deprive the complainant of its property:








$                  
Appellant placed the garden soil bags directly on top of
each other and on top of the electrical merchandise, thereby concealing the
electrical merchandise so that the cashier=s inspection of
the shopping basket did not reveal the items;

$                  
Appellant went to the garden area and then to the cashier
immediately after placing the electrical items in the basket, thus making it
unlikely he had forgotten about the electrical items;

$                  
Appellant did not tell the cashier about the items when she
asked him if there was anything else;

$                  
Appellant paid for three items totaling about $10.00, when
the cost of electrical items was approximately $70.00, supporting the inference
appellant should have realized he had not been charged for everything in the
basket, particularly when he paid by credit card and signed the receipt;

$                  
When Crawford confronted appellant, appellant initially
refused to return to the store and invoked his employer=s identity,
supporting the inference appellant did not have a clear conscience.

We conclude a rational jury could have
found appellant intended to deprive Home Depot of its property.  The evidence is legally sufficient to support
the jury=s verdict.

Appellant points to the following evidence
indicating he did not possess the requisite mental state:

$                  
His apology, when asked about having not paid, for making
an honest mistake;

$                  
His being distracted and not looking at the credit card
receipt after the cashier rang up the items in the shopping basket;

$                  
His wife=s having control
of the shopping cart at or after the time appellant was paying for the garden
soil;








$                  
Home Depot=s policy of not
requiring payment before leaving the garden area on the basis that a customer
might be going to add plants to items purchased;

$                  
His wife=s walking toward
the shopping basket with items in her hands, as suggesting she still was
shopping.

The preceding points, however, relate to
appellant=s credibility and the weight accorded to
give the State=s and appellant=s evidence.  What weight to give contradictory testimonial
evidence is within the sole province of the trier of fact, because weight turns
on the evaluation of credibility and demeanor. 
Cain v. State, 958 S.W.2d 404, 408B409 (Tex. Crim.
App. 1997).  We must show deference to
the jury=s findings.  Id. at 409.  A decision is not manifestly unjust merely because
the jury resolved the conflicting views of evidence in favor of the State.  Id. at 410.

Having reviewed the evidence in a neutral
light, we conclude the proof of guilt is not so obviously weak as to undermine
confidence in the jury=s verdict, and the proof of guilt is not
greatly outweighed by contrary proof.  See
Zuliani, 97 S.W.3d at 593B94; Johnson,
23 S.W.3d at 11.  The evidence was
factually sufficient to support appellant=s conviction.

We overrule appellant=s sole point of
error.  We affirm the judgment of the
trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 18, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  See Tex.
Pen. Code Ann. ' 31.03(a), (e)(2)(A)(i) (Vernon
Supp. 2004).